ACCEPTED
01-15-00034-cv
FIRST COURT OF APPEALS
HOUSTON, TEXAS
3/2/2015 4:55:51 PM
CHRISTOPHER PRINE
CLERK

01-15-00034-CV

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
3/2/2015 4:55:51 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE COURT OF APPEALS FOR THE FIRST COURT OF APPEALS DISTRICT OF TEXAS

D'Juna LeBlanc,
APPELLANT,

—VERSUS—

Kenneth Palmer,
APPELLEE,

## BRIEF OF APPELLANT
## D'JUNA LEBLANC

Marcus A. Bryant
La. STATE BAR NO. 30212
MARCUSBRYANT@JUSTICE.COM
THE Law Offices of
Marcus A. Bryant, LLC.
1405 W. Pinhook, Ste. 110
Lafayette, Louisiana
(337) 504-4106–PHONE
(337) 504–4167FAX

Carl Moore
STATE BAR NO. 24058004
CARL@QMLAWFIRM.COM
The Law Offices of
Quinones and Moore P.L.L.C.
3211 Norfork, Ste. 600
Houston, Texas 77098
(713) 355-4343–PHONE
(713) 355-4242–FAX

ORAL ARGUMENT REQUESTED

# INDEX OF PARTIES AND COUNSEL

Djuna LeBlanc                           Appellant

Trial and Appellate Counsel            Marcus A. Bryant
                                       La. State Bar No. 30212
                                       MARCUSBRYANT@JUSTICE.COM
                                       Law Offices of Marcus A. Bryant, LLC
                                       1405 W. Pinhook Road, Ste. 110
                                       Lafayette, Louisiana 70503
                                       (337) 504-4106-phone
                                       (337) 504-4167-fax

Kenneth Palmer                         Appellee

Trial and Appellate Counsel            Todd Taylor
                                       State Bar No. 00785087
                                       ttaylor@jandflaw.com
                                       Johanson and Fairless
                                       1465 First Colony Blvd.
                                       Sugar Land, Texas 77479
                                       (281) 313-5000–phone
                                       (210) 340-5100–fax

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................... i

TABLE OF CONTENTS ............................................. ii

INDEX OF AUTHORITIES ........................................... .iv

STATEMENT OF THE CASE ......................................... .v

STATEMENT REGARDING ORAL ARGUMENT ..................... vi

ISSUES PRESENTED .............................................. vii

STATEMENT OF FACTS ............................................ 1

    I.    Testimony of Kenneth Palmer......................... 1

    II.    Testimony of Djuna Leblanc............................ 2

SUMMARY OF THE ARGUMENT ................................... ...3

ARGUMENT AND AUTHORITIES ................................. ...4

    I.    The Factfinders' Conclusion That Neither Kenneth Palmer or Djuna Leblanc Is The Proximate Cause Goes Against the The Great Weight And Preponderance Of The Evidence..................4

    II.    Under The Negligence Standard, Kenneth Palmer was Proximate Cause in Driving His Truck Into Another Lane of Traffic Without Properly Looking Out Causing a Collision... ..........4

        A.    Kenneth Palmer Admitted He Caused The Collision.....4

        B.    No Evidence Presented At Trial Would Authorized The Jury To Find Kenneth Palmer Was Operating His Vehicle In A Reasonable And Prudent Manner Or That This Accident Was Unavoidable ...............................6

III. The Great Weight Of The Evidence Shows That The Accident Was Avoidable And That Mr. Palmer Was Not Showing Reasonable and Ordinary Care......................................7

CONCLUSION                                                    8

PRAYER                                                       9

                                                            10
CERTIFICATE OF SERVICE

CERTIFICATE OF COMPLIANCE                                    11

                                                            12
APPENDIX

# INDEX OF AUTHORITIES

**CASES**                                                                          **PAGE**

*Currico v. Busby*, 325 S. W. 2d 413,(Tex. App. Houston 1959 . . . . . . .......4, 5

*Harris v. Vazquez*, No. 03-07-00245-CV(Tex. App.—Lexis 4117)..............6,7

*Hausman v. Hausan*, 199 S.W. 3d 38, 41 (Tex. App. –San Antonio 2006, no pet)..........................................................................................4

*Risinger v. Shuemaker*, 160 S.W. 3d 84, ( Tex. App.-Tyler 2004, Pet. Denied)........................................................................................6

*Texas & N.O.R. Co. v. Grace*, 144 Tex. 71, 188 S. W. 2d 37, 380....................4

## STATEMENT OF THE CASE

This case involves a motor vehicle collision involving two vehicles that occurred at the intersection of Texas State Highway 105 and FM 2518 in Liberty County, Texas. 1 CR 2. Ms. Leblanc sued Kenneth Palmer for recovery under Texas Tort,Negligence Law. 1 CR 2. After an 3 day jury trial, the 75th Judicial District Court, the Hon. Mark Morefield, presiding, rejected the negligence/proximate cause theory on the issue of Liability. 1 CR 250. The Court denied Ms. Leblanc's Motion for New Trial on November 4, 2014. 1 CR 291. Djuna LeBlanc timely appealed. 1 CR 302.

# STATEMENT REGARDING ORAL ARGUMENT

Appellant Djuna LeBlanc respectfully requests oral argument. Although the issues presented in this appeal are relatively straightforward, the Court may benefit from the ability to ask the parties direct questions and the implications that flow from their arguments. For those reasons, Djuna Leblanc believes oral argument would be helpful to the Court.

# ISSUES PRESENTED

I.      Whether The Jury was erroneous in finding that Kennth Palmer or Djuna LeBlanc was not the proximate cause of the collision in question?

II.     Whether the Trial Judge was erroneous in not granting the plaintiff Djuna LeBlanc Motion for a new trial on the issue of proximate cause?

## STATEMENT OF FACTS

In this appeal, whether the Jury erred answering "NO" when presented with this Question:

1.  Did the negligence, if any, of the persons (Djuna LeBlanc or Kenneth Palmer), cause the occurrence in question;

The jury found that neither Djuna Leblanc or Kenneth Palmer was at fault despite the fact Mr. Palmer testified that his logs crossed over into Ms. Leblanc's lane of traffic causing the collision in question. 3 RR 48-49; 3 RR 54-55.

## I.    Testimony of Kenneth Palmer

It is critical that this Court understand the testimony of Mr. Palmer, which is parallel to Djuna LeBlanc's testimony. Mr. Palmer testified that he was in the left turn lane at Texas State Highway 105 and FM 2518 about to make a left turn at the time of the accident in question. 3 RR 48. He testified that he did not see Ms. Leblanc's vehicle in the right lane of traffic. 3 RR 49. And, when he made his left turn, he did so knowing his logs would in fact go into Ms. Leblanc's lane of travel. After, the logs went into Ms. LeBlanc's lane of travel causing said accident, Ms. LeBlanc blew him down to stop, he viewed the damages to her vehicle and provided Mr.

1

LeBlanc with information to repair her vehicle. 3 RR 49.

For complete clarity to the jury, he was asked the same questions again. 3 RR 54. He agreed again he did not see her and the logs came into her lane. 3 RR 54 He observed the damages to her window and the side of her SUV. 3 RR 54. Since the accident, he now goes further out into the intersection and does not cut his left turn short, so that his logs do not go into the right lane of traffic in order to avoid this same type of collision from occurring again. 3 RR 54-55.

## II.  Testimony of Djuna LeBlanc

Djuna LeBlanc testified consistent with Kenneth Palmer. 2 RR 56. Djuna LeBlanc testified that she is waiting in the right lane at the intersection of Texas State Highway 105 and FM 2518 in Liberty County, Texas waiting to go straight through the intersection on State Highway 105. Until, she feels tree logs crashing inot the rear of her SUV traveling along the whole rear left side of her SUV.  2 RR 56.  Thereafter, she stops Kenneth Palmer, she verifies his truck company's information, and then travels on to her hometown of Beaumont, Texas to be with her family.  2 RR 56-57.

2

## SUMMARY OF THE ARGUMENT

Before the jury, Djuna and Kenneth presented one factual scenario of how the collision occurred resulting in this litigation. Djuna sued Kenneth for damages resulting from this collision and the jury found that no one was proximate cause of the collision.

This Court should reverse the jury's decision that no one was proximate cause in causing this collision.

## ARGUMENT AND AUTHORITIES

I.   **The Factfinders' Conclusion That Neither Kenneth Palmer or Djuna LeBlanc Was The Proximate Cause Goes Against The Great Weight And Preponderance Of The Evidence.**

When reviewing the sufficiency of the evidence supporting a jury's findings, this Court does "not serve as a fact finder, pass upon the credibility of witnesses, or substitute our judgment for that of the trier of fact, even if there is conflicting evidence upon which a different conclusion could be supported." *Id.* (citing Hausman v. Hausman, 199 S.W.3d 38, 41 (Tex.App.—San Antonio 2006, no pet.)).

II.   **Under The Negligence Standard, Kenneth Palmer was Proximate   Cause In Driving His Truck Into Another Lane of Traffic Without Properly Looking Out Causing A Collision**

A.   **Kenneth Palmer Admitted He Caused The Collision**

In Currico v. Busby[1] at 418, the appellate Court reviewed and did an analysis of the jury charge that a fact finder has the right to disregard the testimony of an interested witness does not authorize the fact finder to believe the opposite of what it imports, citing Texas & N. O. R. Co. v. Grace[2]

As in Currico, there is nothing to account for the

---

[1] Currico v. Busby, 325 S.W. 2d 413
[2] Texas & N.O.R. Co. v. Grace, 144 Tex. 71, 188 S.W. 2d 37, 380.

4

collision other than the negligence of Kenneth Palmer. He admitted he did not maintain a proper lookout when he admitted he did not see Djuna located in lane directly next to him. This tells us he admitted he did not properly observe before driving into that lane of travel. He admitted to the accident. He admitted he has changed the way he make a left turn at that intersection whereas now he does not make short left turns since the accident; 2 RR 51; 2 RR 54-55. He takes a wide left turn so his logs do not enter into the traffic lane to his adjacent right lane. As discussed in <u>Currico</u>, the jury does not in this case have the right to believe the opposite of the Mr. Palmer's testimony and conclude no one caused the accident.

As in <u>Currico at 415</u>, Djuna was sitting in her lane of traffic until she heard and awful crash into the back of her SUV then down the driver side of her SUV. There is no evidence that Djuna caused this accident. There is also no evidence that this accident was unavoidable. 2 RR 56.

**B.    No Evidence Presented At Trial Would Have Authorized The Jury To Find Kenneth Palmer Was Operating His Vehicle In A Reasonable and Prudent Manner Or That This Accident was Unavoidable**

We anticipate, based on the opposition to the Djuna Leblanc's motion for new trial, that the defense is going to argue their competing evidence that the jury could have considered in finding no one caused the accident citing Risinger v. Shuemaker.[3] In Shuemaker, there was evidence that the defendant driver had to chose between hitting children on bicycles or slam his brakes as hard as he could to avoid a rear-end collision. The jury believed that he was not negligent in his decision. 1 CR 283.

In this case, Kenneth Palmer made a decision to take a short left turn where a wide left turn was available at that intersection which could have prevented his logs from crossing into oncoming traffic where Djuna was located. The facts of Shuemaker have no parallel with this case.

The defense also references Harris v. Vasquez[4], as an authority in this case. In Harris, there was a truck blocking his view as he approached the exit onto the street, so he inch up slowly, and when he finally got into the street where he could see, it was too late where he could not back up

---

[3] 160 S.W.3d 84, 88-89 (Tex. App.-Tyler 2004, pet. Denied).
[4] Harris v. Vazquez, No. 03-07-00245-CV, 2008 Tex. App. LEXIS 4117

6

due to a second vehicle being directly behind him. In <u>Harris</u>, the parties had totally different versions of what lead up to the collision. In <u>Harris</u>, there was evidence of ordinary care and prudence. 1 CR 283.

In our case, Kenneth Palmer admitted he did not see Djuna. He says there was a truck next to him that pulled out straight when he pulled out. He did not wait to see what vehicles were behind the truck before making the left turn and more importantly, he did not have to make the short left turn at this intersection where this intersection is large enough to make a wide turn and not interfere with the normal flow of traffic causing, or in our case, cause a collision with Djuna. 3 RR 51. There is also no evidence he had to make the left turn at the time he made it; meaning he was not being pushed or forced to make the left turn at that moment he decided to make the turn preventing him from observing traffic in the adjacent right lane before passing his tractor-trailer through that lane.

### III. The Great Weight Of The Evidence Shows That The Accident Was Avoidable And That Mr. Palmer Was Not Showing Reasonable and Ordinary Care

All the evidence shows that Kenneth Palmer intentionally drove the loaded tractor trailer in the fashion that placed his loaded log trailer in the lane

7

of traffic to his immediate right. He did not intentionally hit Djuna LeBlanc, but he intentionally took a chance and went into her lane of traffic where the intersection at Texas State Highway 105 and FM 2518 is large enough to take wide turns. He viewed the damage to the vehicle. He gave Ms. Leblanc his information to get her vehicle repaired. Thereafter, his company repaired her vehicle, which was introduced at trial under Plaintiff's Exhibit 1. And, more importantly, he now has changed his approach to left turns and now makes wide left turns at this intersection to avoid the same type of collision from occurring. Unfortunately, this will not fix Ms. LeBlanc's bodily injuries. There were no other rendition of the facts provided at trial with regard to the essential facts discussed in this paragraph for the jury to accept that would show Mr. Palmer was driving prudent and/or this was an unavoidable accident. Kenneth Palmer was negligent and his negligent action was the proximate cause of the accident. If he takes the proper left turn and his log trailer never goes into the next lane where traffic is located, then this collision never occurs.

## CONCLUSION

The evidentiary testimony and property damage estimates introduced by Mr. Palmer and Ms. LeBlanc show that the great weight and

8

preponderance of the evidence does not uphold the jury's finding that neither

Mr. Palmer or Ms. LeBlanc was the proximate cause the collision in question.

## PRAYER

For the foregoing reasons, Appellant Djuna LeBlanc respectfully

requests that this Court reverse the jury's verdict to Jury Question Number

One on the issue of proximate cause.


Respectfully Submitted by Attorneys for the Appellant:

/s/ Marcus A. Bryant
La. STATE BAR NO. 30212
MARCUSBRYANT@JUSTICE.COM
THE Law Offices of
Marcus A. Bryant, LLC.
1405 W. Pinhook, Ste. 110
Lafayette, Louisiana
(337) 504-4106–PHONE
(337) 504–4167FAX

/s/Carl Moore
STATE BAR NO. 24058004
CARL@QMLAWFIRM.COM
The Law Offices of
Quinones and Moore P.L.L.C.
3211 Norfork, Ste. 600
Houston, Texas 77098
(713) 355-4343–PHONE
(713) 355-4242–FAX

## CERTIFICATE OF SERVICE

I hereby certify that on March 2, 2015, a true and correct copy of this brief was forwarded in accordance with rule 9.5 of the Texas Rules of Appellate Procedure to the following counsel of record:

Todd Taylor
State Bar No. 00785087
ttaylor@jandflaw.com
Johanson and Fairless
1465 First Colony Blvd.
Sugar Land, Texas 77479
(281) 313-5000–phone
(210) 340-5100–fax

*/s/ Marcus A. Bryant*
ATTORNEY FOR APPELLANT
DJUNA LEBLANC

## CERTIFICATE OF COMPLIANCE

Pursuant to Tex. R. App. P. 9.4(i)(3), undersigned counsel certifies that this brief complies with the type-volume limitations of Tex. R. App. P. 9.4(i)(2).

1. Exclusive of the portions exempted by Tex. R. App. P. 9.4(i)(1), this brief contains 2509 words printed in a proportionally spaced typeface.

2. This brief is printed in a proportionally spaced, serif typeface using Arial 14 point font in text and Arial 12 point font in footnotes produced by Microsoft Word software and converted to PDF format by Acrobat Distiller 10.1.3.

/s/ Marcus A. Bryant
Marcus A. Bryant

ATTORNEY FOR APPELLANT

11

# APPENDIX

Rendition of Judgment . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

| DJUANA LEBLANC | § | IN THE DISTRICT COURT OF |
|---|---|---|
| | § | |
| VS. | § | |
| | § | LIBERTY COUNTY, TEXAS |
| | § | |
| KENNETH PALMER | § | 75TH JUDICIAL DISTRICT |

## JUDGMENT

BE IT REMEMBERED that, on the 18th day of August, 2014, came on for trial on the merits of the above case at a regular term of this Court after said case was duly set for trial upon proper notice to all parties. Plaintiff, Djuana Leblanc, appeared in person with her attorney of record and announced ready for trial. Defendant, Kenneth Palmer, appeared in person with his attorney of record and announced ready for trial. A jury having been previously demanded, a panel consisting of twelve (12) lawful and fully qualified men and women were selected and sworn in as the Jury in this cause, and the case proceeded to trial.

Thereafter, the parties, through their attorneys, made their opening statements and presented their evidence, concluding on the 20th day of August, 2014. The parties, through their attorneys, announced in open court that they had presented all their evidence and that they rested. Thereafter, the Court, in consultation with the attorneys representing the parties, prepared a written charge to submit all matters in controversy to the Jury upon written questions. The parties, through their attorneys, were allowed to examine the Jury Charge and, after completing their examination of same, placed their objections to the Jury Charge on the record. Thereafter, the parties, through their attorneys, presented their closing arguments. The Jury then retired to deliberate the verdict.

On the 20th day of August, 2014, the Jury returned to open court and announced, through its presiding juror, that ten (10) jurors had reached a verdict. The verdict was read aloud in open court in the presence of the Jury, the parties and the attorneys representing the parties. In response to each Question, the Jury found as follows:

## QUESTION NO. 1

Did the negligence, if any, of the persons named below proximately cause the occurrence in question?

Answer "Yes" or "No" for each of the following:

A. DJUANA LEBLANC      NO

B. KENNETH PALMER      NO

Without objection, the Court received the verdict to be filed among the papers of the cause and discharged the Jury.

Having considered the contents of its file, including, but not limited to, all pleadings, motions, affidavits and discovery, as well as the arguments of counsel, the evidence presented at trial and the verdict of the Jury rendered on the 20th day of August, 2014, all of which are incorporated herein by reference, this Court finds that judgment should be rendered upon the Jury's verdict in favor of Defendant, Kenneth Palmer, and against Plaintiff, Djuana LeBlanc. It is, therefore,

ORDERED, ADJUDGED, AND DECREED by this Court that Defendant, Kenneth Palmer, have Judgment against Plaintiff, Djuana LeBlanc, and that Plaintiff, Djuana LeBlanc, take nothing by and through this suit. It is further

-2-

ORDERED, ADJUDGED, AND DECREED by this Court that all costs of this Court expended or incurred in this cause by Plaintiff, Djuana LeBlanc, are hereby adjudged and taxed against Plaintiff, Djuana LeBlanc. Finally,

All other relief not expressly granted herein is denied. This Judgment is final and disposes of all claims and all parties.

SIGNED this the _____ 5ᵗʰ _____ day of _____ September _____, 2014.

_____
JUDGE PRESIDING

APPROVED AS TO FORM:

JOHANSON & FAIRLESS, L.L.P.

_____
TODD TAYLOR 00785087
1456 First Colony Blvd.
Sugar Land, Texas 77479
Telephone: 281.313.5000
Facsimile: 281.340.5100
**ATTORNEYS FOR DEFENDANT**
**KENNETH PALMER**

FILED
at _____ 4 _____ o'clock _____ P _____ M

SEP 08 2014

DONNA G. BROWN
Clerk, District Court, Liberty, TX
By _____ DEPUTY

- 3 -